THE STATE *v.* BENJAMIN GRISCOM and others.

The omission of a date to the return to a peremptory mandamus directed to B. G. and others, Township Committee, commanding them to "assign and appoint in writing to the overseers of the highways of the township, or some of them, their several limits or divisions of the road for opening, clearing out, amendment and repair," will not vitiate a notice.

2. Though the mandamus is directed to B. G. and others as Township Committee, yet a return made by them as *late* Township Committee, is sufficient.

3. Though the writ commanded the committee to assign "to the overseers or some of them their several limits," &c., the assignment to one overseer is a substantial compliance with the command of the writ.

4. If there is reason to believe that the assignment is fraudulent and evasive and designed to defeat the purpose of the opening and repair of the road, the Court will allow the party a rule to shew cause why the return should be quashed on those grounds.

A peremptory writ of mandamus was directed to Benjamin Griscom and others, township committee of the township of Lower Penn's Neck, in the county of Salem, returnable to the present term, whereby after reciting that J. C., J. C., S. S. and P. P., surveyors of the highways of the county of Salem, on the 24th of July, A. D. 1822, laid out a certain road of three rods wide in the said township, called the Hook road, and that the said B. G., &c., township committee of the said township, had refused and do yet refuse to assign and appoint in writing to the overseers of the highways of the said township, or some of them, their several limits or divisions of the highway aforesaid, for opening, clearing out, amending and repair, the writ commanded them "to assign and appoint in writing to the overseers of the highways of the said township or some of them, their several limits or divisions of the road aforesaid, for opening, clearing out, amendment and repair."

To this writ the following return was made, signed by the

persons to whom it was directed: "The undersigned, late township committee of the township of Lower Penn's Neck, in the county of Salem, do hereby certify that in obedience to, and in execution of a writ of mandamus to them directed, and issued out of this Honorable Court, of which the within is a copy, they did on the fifth day of March, in the year of our Lord one thousand eight hundred and twenty-five, assign and appoint in writing to William Holliday, one of the overseers of the highways in and for the said township, for opening, clearing out, amendment and repair the whole of the road in the said township, commonly called the Hook road, as in and by the said writ they were directed to do."

*Jeffers* moved to quash the return for insufficiency, and read affidavits to shew that the assignment was evasive, being made to an overseer who resided in a remote part of the township and not to the overseer in whose district or country it lay, and that one of the committee had since declared his opinion that the road would not be opened and repaired. He cited 6 *Bac. abr.* 517, *tit. Mandamus, Rev. Laws,* 160, *sec.* 2.

*Dayton* argued in support of the return, and read 5 *Viner,* 185, *tit. Mandamus.*

EWING, C. J. delivered the opinion of the court.

Four objections are taken to this return.

1. The return has no date. A date however is not material or necessary. It is not usual or required that sheriffs or others should date their returns; where the time of doing an act is directed by a writ, it should be designated in the return, but the day of making out the return needs not to be stated.

2. The return is made by Griscom and others as *late* township committee.

The writ was awarded in February Term last, and was directed to Griscom and others as township committee. They certify that they made an assignment of the road on

the fifth day of March, which must therefore have been very promptly after the delivery of the writ to them. The annual town meeting was on the second Tuesday, the eighth day of March, when a new committee was chosen. The writ was directed to Griscom and others by name; the assignment of the road was the substantial requisition of the writ, and was done while they were in office; the return is made by their names also; they describe themselves indeed as *late* town committee, but this is no more than to say, we, to whom this writ was directed, who when it was awarded were the township committee, but whose office has since expired by the appointment of a new committee at the annual town meeting, certify that, while in office, we made an assignment of the road pursuant to the command of the writ. This objection ought not to prevail, *Cro. Car.* 570, *Bathells' case.*

3. It is objected that the committee have assigned the road to *one* of the overseers when by the command of the writ they were required to assign it to more than one—" to the overseers or some of them, their several limits or divisions."

The assignment to one overseer is a substantial compliance with the writ, the main purpose of which is, to place the road under some or persons whose duty it shall be to prepare it for public use. The distribution of the roads in a township among the several overseers is confided to the committee; whether, therefore, a particular road should be placed under one or more overseers is a fit subject for the exercise of their discretion; and this court will interfere no farther by the writ of mandamus than to compel them to act and exercise their discretion, unless, it appear that an evasive assignment is made.

4. It is objected that the assignment is fraudulent and evasive, and designed to defeat the purpose of the opening and repair of the road.

The matters exhibited in the affidavits read in support of this objection are not sufficient.

The fact that the road is assigned to a remote and not to the nearest overseer, is at most equivocal and not conclusive. It may be, that circumstances called for such an assignment. A new road is laid out, to be disposed of discreetly; the nearest overseer, or he, where the roads are so divided, in whose district of country it lies, may have already a great extent of road, of bad soil, and difficult, laborious and expensive to repair, while Holliday, may have a small extent, and requiring little of time, labor or money. In the absence of proof then, and from the fact relied on, we are not allowed to say the assignment is so indiscreet, injudicious and inconvenient as to evince fraud and evasion.

The opinion expressed by one of the committee that the road would not be opened, shews nothing but his wish or expectation; whatever that may be, or even the wish and expectation of all the committee, it does not appear that the overseer will not, as soon as the season admits, fully perform his duty.

Inasmuch, however, as the assignment is somewhat out of the usual course, and it is the duty of the court to require a fair and honest compliance with the writ, and sedulously to guard against evasion, the party prosecuting the writ of mandamus is allowed, if he think proper, to take a rule to shew cause why the return should not be quashed as evasive and fraudulent, in order that this objection may be fully investigated.

                                    A rule was accordingly taken.